LANGE, Appellant, vs. JOHNSON and wife, Respondents.

*January 11 — January 30, 1894.*

*Contracts: Preventing performance: Evidence.*

Plaintiff contracted to sink a well for defendant which should furnish a specified quantity of water. After reaching a certain depth he broke his drill, but claimed that the well was then deep enough. Defendant was not willing to accept the well and have it tubed at that depth. In an action for the contract price plaintiff's evidence tended to prove that successive new agreements were made, first that he should sink a new well at a stipulated price, and afterwards that he should curb with lumber the well already sunk, but that defendant "backed out" and refused to allow him to perform either of such agreements or to tube the well already sunk. *Held,* that these were pertinent matters to be considered by the jury, in connection with evidence tending to show that defendant was about to remove and no longer wanted a well, as bearing upon the question whether defendant prevented the completion of the well.

APPEAL from the Superior Court of *Douglas* County.

This action is brought to recover the contract price for digging a well, and for a mechanic's lien. The action was tried by a jury, and a verdict was returned for the defendant. The errors claimed are in the instructions given by the judge to the jury.

For the appellant there was a brief by *McHugh, Lyons & McIntosh,* and oral argument by *Thos. E. Lyons.*

*E. S. Martin,* for the respondents.

NEWMAN, J. The plaintiff contracted with the defendant *Isaac Johnson* to sink him a well which should furnish sufficient water for the purposes specified in the contract, for the price of $1.10 per foot. The contract was oral. At the depth of about 130 feet plaintiff lost or broke his drill and could go no deeper. Plaintiff thought and claimed that there were twelve feet of water then in the well, and sufficient for all the defendant's purposes as named in the contract. Defendant did not accede to this view, and was unwilling to have the well tubed at that depth. The plaintiff claims, and his evidence tends to prove, that this disagreement was compromised by a new agreement whereby the plaintiff was to sink another well, for which he was to receive $1.25 per foot, and that when he came to defendant's to sink this other well the defendant backed out of the bargain and forbade him to sink another well. Then there was an arrangement for the plaintiff to curb the well already sunk with lumber, but that the defendant backed out of that also. Then the plaintiff proposed to tube that well, although the dirt had settled into the well, during the delay caused by these negotiations, so as to be a considerable hindrance; and the defendant would not permit that, and refused to permit him to complete the well, and would not pay for it. The defendant denies that he made

the alleged new contracts or hindered the plaintiff about the completion of the well.

The trial judge withdrew these alleged new contracts from the consideration of the jury. He told them that they were out of the case and were as if they had never been made.

It appears to this court that these were pertinent matters to be considered by the jury, with the other evidence, as bearing on the question whether the defendant prevented the completion of the well. There was evidence tending to show that the defendant was about to remove from the place and no longer wanted a well. If that were true, these alleged new arrangements and the later refusal to fulfill them might be mere evasions, to prevent the completion of the well and so to avoid paying for it. It was for the jury, rather than for the court, to determine the proper effect to be given to this evidence.

*By the Court.*— The judgment of the superior court is reversed, and the cause is remanded for a new trial.